UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| FREEDOM ORDNANCE MFG., INC., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-243-RLY-MPB |
| | ) |
| THOMAS E. BRANDON, Director, | ) |
| Bureau of Alcohol Tobacco Firearms | ) |
| and Explosives, | ) |
| | ) |
|       Defendant. | ) |

**ANSWER**

The Defendant, Thomas E. Brandon, in his official capacity as Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or the "Agency"), hereby responds and answers the Plaintiff's Complaint as follows:

1. The Defendant states that Paragraph 1 contains Plaintiff's legal theory of the jurisdictional basis of his lawsuit to which no response is required.   To the extent a response is required, the Defendant denies Plaintiffs' allegations but admits that based on the allegations in the Complaint jurisdiction in this Court is proper.

**PARTIES**

2. Admit.

3. The Defendant admits that Thomas E. Brandon is the Acting Director of ATF and the Firearms and Ammunition Technology Division ("FATD"), Firearms Technology Industry Services Branch ("FTISB"), is a component of ATF, which the Acting Director oversees.

1

## JURISDCTION AND VENUE

4.   The Defendant states that Paragraph 4 contains Plaintiff's legal theory of the jurisdictional basis of his lawsuit to which no response is required.   To the extent a response is required, the Defendant denies Plaintiff's allegations but admits that based on the allegations in the Complaint jurisdiction in this Court is proper.

5.   The Defendant states that Paragraph 5 contains Plaintiff's legal theory of the basis of venue over his lawsuit to which no response is required.   To the extent a response is required, the Defendant denies Plaintiff's allegations but admits that based on the allegations in the Complaint venue in this Court and judicial division is proper.

## STATUTORY BACKGROUND

6.   The Defendant states that the Gun Control Act speaks for itself, and denies any allegation in Paragraph 6 that may be inconsistent with the GCA.

7.   The Defendant states that the National Firearms Act speaks for itself, and denies any allegation in Paragraph 7 that may be inconsistent with the NFA.

8.   The Defendant states that 26 U.S.C. § 5845(b) speaks for itself, and denies any allegation in Paragraph 8 that may be inconsistent with the statute.

## FACTS

9.   Admit.

10. The allegations in Paragraph 10 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the

Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

11. The allegations in Paragraph 11 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

12. The allegations in Paragraph 13 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

13. The allegations in Paragraph 13 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

14. The allegations in Paragraph 14 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained

in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

15. The allegations in Paragraph 15 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

16. The allegations in Paragraph 16 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

17. The allegations in Paragraph 17 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

4

18. The allegations in Paragraph 18 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

19. The allegations in Paragraph 19 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

20. The allegations in Paragraph 20 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

21. The allegations in Paragraph 21 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the

Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

22. The allegations in Paragraph 22 constitute Plaintiff's characterizations of its Electronic Reset Assist Device and the contents of mechanical devices and documents contained in the administrative record, which speak for themselves and which are the best evidence of their contents, and therefore, no response is required.   To the extent a response is required, the Defendant's characterizations of and conclusions about the Electronic Reset Assist Device are set forth in the October 27, 2016, classification letter issued by the Agency to Plaintiff.

23.     Admit.

24.     The Defendant admits that the Agency issued a classification letter dated October 27, 2016.   The Defendant states that the letter speaks for itself and denies any allegation in Paragraph 24 that may be inconsistent with the classification letter.

**COUNT I**

25.     The Defendant incorporates its responses to the allegations in Paragraphs 1 – 24 of the Complaint.

26.     The Defendant states that 5 U.S.C. § 702 speaks for itself, and denies any allegation in Paragraph 26 that may be inconsistent with the statute.

27.     The Defendant states that 5 U.S.C. § 551 speaks for itself, and denies any allegation in Paragraph 27 that may be inconsistent with the statute.

28.     The Defendant admits that the classification letter of October 27, 2016, constitutes a final agency action.   The Defendant denies any remaining allegations that may be contained in Paragraph 28.

6

29.     Denied.

## COUNT II

30.     The Defendant incorporates its responses to the allegations in Paragraphs 1 – 24 of the Complaint.

31.     Denied.

32.     The Defendant states that 28 U.S.C. § 2201 speaks for itself, and denies any allegation in Paragraph 32 that may be inconsistent with the statute.

33.     Denied.

**WHEREFORE**, the Defendant respectfully requests that Plaintiff take nothing by way of his Complaint, that this action be dismissed with prejudice, that judgment be entered in favor of the Defendant and against Plaintiff, and for all other relief just and proper in the premises.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     An injunction is not appropriate under the facts, circumstances, and equities of this case.

3.     The agency's decision, based on the administrative records before it, was not arbitrary, capricious, or contrary to law.

**WHEREFORE**, the Defendant respectfully requests that Plaintiff take nothing by way of his Complaint, that this action be dismissed with prejudice, that judgment be entered in favor of the Defendant and against Plaintiff, and for all other relief just and proper in the premises.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:     *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

8

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing upon the Plaintiff herein by electronically filing a copy thereof through the Court's CM/ECF system, which will transmit a copy electronically to the following on the 14th day of March, 2017:

Brent R. Weil
KIGHTLINGER & GRAY, LLP
bweil@k-glaw.com


s/ Shelese Woods
Shelese Woods
Assistant United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204