UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| FREEDOM ORDNANCE MFG., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-243-RLY-MPB |
| | ) |
| THOMAS E. BRANDON, Director, | ) |
| Bureau of Alcohol Tobacco Firearms | ) |
| and Explosives, | ) |
| | ) |
| Defendant. | ) |

**CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, Thomas A. Brandon, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, by counsel, hereby moves this Court for a Federal Rule of Civil Procedure 56 entry of summary judgment in their favor and against Plaintiff on all of Plaintiff's claims. Here, no genuine issue exists on any material fact, and the Defendant is entitled to judgment as a matter of law.

1. Plaintiff brings its claim under the Administrative Procedure Act, 5 U.S.C. § 704, challenging a final agency decision by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). (Docket No. 1; Docket No. 24.) Because "courts are to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review," the Supreme Court has held that "[t]he factfinding capacity of the district court is . . . typically unnecessary to judicial review of agency decisionmaking." *Fla. Power & Light v. Lorian*, 470 U.S. 729, 743-44 (1985). Therefore, Courts decide claims via summary judgment based on the administrative record the agency compiles. *See Cronin v. USDA*, 919 F.2d 439, 445 (7th Cir. 1990) ("Because the plaintiffs are not entitled to present evidence in

court to challenge the [decision-maker's] decision . . . , there will never be an evidentiary hearing in court."); *Nw. Motorcycle Ass'n v. USDA*, 18 F.3d 1468, 1472 (9th Cir. 1994).

2.  In this case, Freedom Ordnance Manufacturing, Inc., challenges a decision by ATF that a device Freedom seeks to manufacture and market is a "machinegun" as that term is defined under the National Firearms Act, 26 U.S.C. § 5845(b). The ATF's decision is not arbitrary and capricious, but is supported by the administrative record. Based on the foregoing, the ATF is entitled to summary judgment.

3.  In support of its motion, ATF incorporates by reference its Brief in Support of Its Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment, and the administrative record lodged with the Court.

The Defendant therefore respectfully requests the Court to grant summary judgment in their favor as to all claims against them raised in Plaintiff's Complaint, and for all other relief that is just and proper.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By:   *s/ Shelese Woods*
      Shelese Woods
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

    This is to certify that I have served a copy of the foregoing upon the Plaintiff herein by electronically filing a copy thereof through the Court's CM/ECF system, which will transmit a copy electronically to the following on the 27th day of July, 2017:

Brent R. Weil
KIGHTLINGER & GRAY, LLP
bweil@k-glaw.com

Timothy R. Rudd
Scott Braum
SCOTT L. BRAUM & ASSOCIATES, LTD.
trr@braumlaw.com

                                            *s/ Shelese Woods*
                                            Shelese Woods
                                            Assistant United States Attorney
                                            10 West Market Street
                                            Suite 2100
                                            Indianapolis, Indiana 46204